IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOLENE WINN, <br><br> Plaintiff, <br><br><br><br> vs. <br><br><br><br> BANK OF AMERICA, N.A., et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S EX PARTE MOTIN FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION <br><br><br><br><br><br><br><br> Case No. 2:11-CV-649 TS |

This matter is before the Court of Plaintiff's Ex Parte Motion for Temporary Restraining Order and/or Preliminary Injunction. Plaintiff seeks an order from the Court preventing Defendants from foreclosing and/or selling Plaintiff's property or otherwise interfering with Plaintiff's use and enjoyment thereof. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

The following facts are taken from Plaintiff's Complaint. Plaintiff owns certain property in Salt Lake County, Utah. Plaintiff is the recipient of a loan which is secured by a deed of trust

recorded against the property. Defendants are now attempting to foreclose on the property. Plaintiff alleges that Defendants do not have the authority to foreclose. Plaintiff brings a cause of action against all Defendants for quiet title and a claim against Defendant ReconTrust for wrongful foreclosure.

## II. DISCUSSION

A.  EX PARTE TEMPORARY RESTRAINING ORDER

Plaintiff seeks an *ex parte* temporary restraining order. Fed.R.Civ.P. 65(b) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The Court finds that Plaintiff has failed to meet these requirements. There is no affidavit or verified complaint, nor is there any certification by Plaintiff's counsel of efforts made to give notice and the reasons why notice should not be required. Even if Plaintiff's Motion met the requirements of Rule 65(b), it fails on the merits.

B.  TEMPORARY RESTRAINING ORDER

The standard for a temporary restraining order is the same as a preliminary injunction.[1]

"A preliminary injunction is an extraordinary remedy, and thus the right to relief must be clear

---

[1] *Bachman By and through Bachman v. W. High Sch.*, 900 F.Supp. 248, 250 (D. Utah 1995) *aff'd* 132 F.3d 542 (10th Cir. 1997).

and unequivocal."[2] In order for Plaintiff to be entitled to a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.[3]

Having reviewed the contents of Plaintiff's Complaint, the Court finds that Plaintiff has failed to show a substantial likelihood of success on the merits. Plaintiff's Complaint alleges that Defendants lack the authority to foreclose because the note has been split. Plaintiff also alleges that ReconTrust is attempting to foreclose in violation of Utah law. This Court has previously rejected such claims. [4] Therefore, the Court finds that a temporary restraining order and/or a preliminary injunction is not warranted here and Plaintiff's Motion will be denied.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Ex Parte Motion for Temporary Restraining Order and/or Preliminary Injunction (Docket No. 3) is DENIED.

---

[2] *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006).

[3] *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

[4] *See Cox v. ReconTrust Co., N.A.*, 2011 WL 835893 (D. Utah Mar. 3, 2011); *Witt v. CIT Group/Consumer Finance Inc.*, 2010 WL 4609368 (D. Utah Nov. 5, 2010).

DATED   July 14, 2011.

                    BY THE COURT:

                    _____
                    TED STEWART
                    United States District Judge