IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOLENE WINN, an individual,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>BANK OF AMERICA, N.A. et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT<br><br><br><br>Case No. 2:11-CV-649 TS |

This matter is before the Court on a Motion to Dismiss filed by Defendants Bank of America, N.A., BAC Home Loans Servicing LP, Countrywide Bank, Countrywide Home Loans Servicing, LP, ReconTrust Company, N.A., and Mortgage Electronic Registration Systems, Inc.,[1] and joined in by Defendant Stuart T. Matheson[2] (collectively "Defendants"). Plaintiff has not responded to the Motion, the Joinder, or Defendants' Amended Memorandum in Support of Motion to Dismiss. For the reasons discussed below, the Court will grant the Motion.

---

[1]Docket No. 8.

[2]Docket No. 15.

## I.  BACKGROUND

In August 2007, Plaintiff obtained a loan from Countrywide Bank, FSB (now known as Bank of America, N.A.) for $500,000, secured by property located in Cottonwood Heights, Utah. Defendant MERS was named the nominee beneficiary under the deed of trust.  On March 14, 2011, MERS assigned its beneficial interest under the deed of trust to Bank of America.  On that same date, Bank of America substituted ReconTrust as trustee under the deed of trust and ReconTrust executed a notice of default concerning Plaintiff's default under the loan agreement. The notice of default was cancelled on October 18, 2011.

## II.  STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[3]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[4]  All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[5] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[6]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence

---

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[5] *GFF Corp.*, 130 F.3d at 1384.

[6] *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[8]  Thus, "notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, '[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[9]

## III.  DISCUSSION

Plaintiff asserts two causes of action in her Complaint.  First, Plaintiff seeks to quiet title in her favor, asserting that the trust deed has been split from the note and is, therefore, a nullity. Second, Plaintiff alleges a claim against Defendant ReconTrust for wrongful foreclosure. Plaintiff asserts that ReconTrust has initiated the foreclosure in violation of Utah law.

## A.    QUIET TITLE

Plaintiff's quiet title claim is based on the argument that, as a result of securitization, the trust deed has been split from the note and, therefore, the deed of trust should be declared a

---

[7]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[8]*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 & Supp. 2007)).

[9]*Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

nullity.  This Court has repeatedly rejected this argument.[10]  Recently, both the Utah Court of

Appeals and the Tenth Circuit Court of Appeals have similarly rejected this claim.[11]  For the

same reasons stated by all of these courts, this claim must be rejected.

B.      WRONGFUL FORECLOSURE

Plaintiff also alleges a claim of wrongful foreclosure, arguing that Defendant ReconTrust

is not authorized to foreclose under Utah law.  Utah Code Ann. § 57-1-23.5(2) provides for

damages as a result of an unauthorized sale.  In this matter, the notice of default has been

cancelled.  As a result, there has been no unauthorized sale and this claim must be dismissed.

IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 8) is GRANTED.  The

Clerk of the Court is directed to close this case forthwith.

DATED   January 4, 2012.

BY THE COURT:

TED STEWART
United States District Judge

---

[10]*See Commonwealth Prop. Advocates v. Mortg. Elec. Registration Sys., Inc.*, 2011 WL
1897826, at *2 (D. Utah May 18, 2011).

[11]*Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 263 P.3d
397, 401-04 (Utah Ct. App. 2011); *Commonwealth Prop. Advocates, LLC v. Mortgage Elec.
Registration Sys., Inc.*, 2011 WL 6739431, at *5-7 (10th Cir. Dec. 23, 2011).